Ryan Lee (SBN: 235879)
rlee@consumerlawcenter.com
Matthew A. Rosenthal (SBN 279334)
mrosenthal@consumerlawcenter.com
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 405
Los Angeles, CA  90025
Tel: (323) 988-2400
Fax: (866) 861-1390
JESSICA DERIE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| JESSICA DERIE, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | **(Unlawful Debt Collection Practices)** |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

JESSICA DERIE (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against MIDLAND CREDIT MANAGEMENT, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* (RFDCPA).

3. Count III of the Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court over Count I and II of Plaintiff's Complaint arises pursuant to 15 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

5. Jurisdiction of this Court over Count III of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331.

6. Defendant conducts business and is principally located in the State of California thereby establishing personal jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff is a natural person residing in Auburn, Placer County, California.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(h).

11. Defendant is a business entity with an office located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

12. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), and sought to collect a consumer debt from Plaintiff.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt on a Verizon account.

15. Upon information and belief, the alleged debt arises from transactions made on a personal credit card which was used for personal, family and household purposes.

16. Defendant places collection calls from telephone numbers, including, but not limited to, 877-237-0512.

17. Defendant places collection calls to Plaintiff's cellular telephone at phone number 916-289-35XX.

18. In or around late December of 2013, Defendant began placing collection calls to Plaintiff on her cellular telephone in its attempts to collect a debt.

19. Defendant places three (3) to four (4) calls to Plaintiff's cellular telephone on a daily basis.

20. Per its prior business practices, each of these collection calls were placed using an automatic telephone dialing system.

21. Plaintiff acquired a new cellular telephone number after opening the Verizon account. Plaintiff did not at any time provide Defendant with her new cellular telephone number, nor did Plaintiff at any time provide consent for Defendant to place calls to her new cellular telephone using an automated telephone dialing system.

22. Defendant placed at least thirty-one (31) automated collection calls to Plaintiff.

23. Specifically, Defendant called Plaintiff as follows:

    - January 22, 2014: four (4) calls at 9:47 a.m., 10:07 a.m., 12:30 p.m. and 1:23 p.m.,
    - January 23, 2014: three (3) calls at 9:25 a.m., 11:43 a.m. and 12:48 p.m.
    - January 24, 2014: four (4) calls at 11:09 a.m., 12:27 p.m., 12:31 p.m., and 1:22

p.m.,

- January 25, 2014: two (2) calls at 10:57 a.m. and 12:30 p.m.

- January 27, 2014: four (4) calls at 9:02 a.m., 11:12 a.m., 12:32 p.m., and 1:22 p.m.,

- January 28, 2014: three (3) calls at 9:09 a.m., 10:44 a.m., and 1:33 p.m.,

- January 29, 2014: four (4) calls at 9:08 a.m., 9:28 a.m., 11:15 a.m., and 12:51 p.m.,

- January 30, 2014: three (3) calls at 9:05 a.m., 9:29 a.m., and 12:48 p.m.,

- January 31, 2014: four (4) calls at 9:19 a.m., 9:29 a.m., 12:16 p.m. and 12:54 p.m.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

24. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, abuse, and oppress the Plaintiff.

   b. Defendant violated § 1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

WHEREFORE, Plaintiff, JESSICA DERIE, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following:

25. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

27. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

29. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the §1788.11(d) of the RFDCPA by causing Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff.

    b. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq*. to wit: Section 1692d.

WHEREFORE, Plaintiff, JESSICA DERIE, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following:

30. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

31. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

32. Any other relief that this Honorable Court deems appropriate.

//

//

//

//

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

33. Defendant's actions alleged supra constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Defendant's actions alleged supra constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for the following:

35. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

36. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

37. All court costs, witness fees and other fees incurred; and

38. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  May 19, 2014             KROHN & MOSS, LTD.

By: /s/ Ryan Lee
Ryan Lee
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JESSICA DERIE, demands a jury trial in this case.